UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN P. JAMESON, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:14-cv-00096-DBH |
| SEARS ROEBUCK & CO., | ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Stephen Jameson seeks to recover damages allegedly resulting from Defendant Sears Roebuck & Co.'s decision to terminate Plaintiff's employment. Plaintiff asserts four counts in his Amended Complaint: breach of contract (Count I); wrongful discharge (Count II); defamation of character (Count III); and violation of 26 M.R.S. § 631 (Count IV).

The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 12).[1] Through the motion, Defendant seeks the dismissal of the first three counts of Plaintiff's Amended Complaint. Following a review of the pleadings, and after consideration of the parties' arguments, as explained below, the recommendation is that the Court grant the motion as to Count II, limit the remedy available under Count III, and otherwise deny the motion.

---

[1] The Court referred the motion for report and recommended decision.

**BACKGROUND FACTS**

The facts set forth herein are derived from Plaintiff's Amended Complaint (ECF No. 8), which facts are deemed true when evaluating the Motion to Dismiss.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

Plaintiff resides in Orrington, Maine, and worked for Defendant in its Bangor location for over 25 years, until October 2013. Defendant told Plaintiff in September 2013 that he improperly gave away free delivery service to customers without manager approval, despite previously encouraging Plaintiff to do exactly that in order to close sales. (Amended Complaint ¶¶ 1-9.) On October 4, 2013, Defendant fired Plaintiff "without warning or discipline and without giving him any reason." (*Id.* ¶ 10.) Defendant also failed to provide Plaintiff with a copy of his personnel file. (*Id.* ¶ 11.)

**DISCUSSION**

**A.      Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, the plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim(s) at issue. *Id.*

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

**B. Discussion**

*1. Breach of Contract*

Defendant argues that Plaintiff cannot maintain an action for breach of an employment contract in the absence of a written contract that required Defendant to have "cause" in order to terminate Plaintiff's employment. (Motion to Dismiss at 3-6.) In support of its argument, Defendant cites the statute of frauds and the fact that Plaintiff was an "at will" employee.

Plaintiff's First Amended Complaint includes the following allegations:

11. Despite Plaintiff's . . . written requests for his Personnel File, Defendant has failed and refused to give it to him, nor to provide him with a copy nor even to acknowledge his requests.
. . .

13. Plaintiff and Defendant had an employment contract.

14. According to the terms of the employment contract, Defendant promised Plaintiff that he would not be discharged in bad faith or without just cause.

15. Defendant terminated Plaintiff in bad faith and without just cause.

"In Maine, it has long been the rule that a contract of employment for an *in*-definite term is terminable at the will of either party." *Buchanan v. Martin Marietta Corp.*, 494 A.2d 677, 678 (Me. 1985). However, contracts promising continued employment except upon cause for termination are enforceable, provided that the contract includes express terms clearly stating that intention. *Taliento v. Portland W. Neighborhood Planning Council*, 1997 ME 194, ¶ 9, 705 A.2d 696, 699; *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 99-100 (Me. 1984). Here, because Plaintiff alleges the existence of a contract that includes express terms promising termination only for cause, his breach of contract claim is not subject to dismissal based on Defendant's assertion that Plaintiff was an "at will" employee.

Defendant also relies on its statute of frauds[3] affirmative defense in its effort to obtain dismissal of Plaintiff's breach of contract claim. Although an affirmative defense may be raised in a motion to dismiss for failure to state a claim, it is "well settled that, for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings." *Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001) (internal quotation marks omitted). Given that Plaintiff alleges the existence of an employment contract, one cannot discern based solely on the pleadings whether enforcement of the alleged contract is barred by the statute of frauds.

### *2. Wrongful Discharge*

Defendant argues that Plaintiff has failed to allege an actionable claim for wrongful discharge because Maine does not recognize such a claim. (Motion to Dismiss at 6.) Plaintiff contends that his allegations constitute the kind of special case for which the Maine Supreme Judicial Court (Law Court) would recognize a wrongful discharge claim. (Plaintiff's Opposition at 3.) While the Law Court has not categorically rejected the possibility of recognizing a wrongful discharge claim, the Court has suggested that if recognized, the theory would have limited applicability. In *Larrabee*, the Law Court wrote:

> Although many other jurisdictions now recognize an action for wrongful discharge, the majority limit the cause of action to when the employer's motives violate some clearly defined public policy. We do not rule out the possible recognition of such

---

[3] Under Maine law,
> No action shall be maintained in any of the following cases:
> . . .
> **5. Agreement not to be performed within one year.** Upon any agreement that is not to be performed within one year from the making thereof;
> . . .
> unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized . . . .

33 M.R.S.A. § 51.

4

a cause of action when the discharge of an employee contravenes *some strong public policy*. The instant case, however, presents the attributes of nothing more than a purely private dispute. Accordingly, we conclude that the presiding justice did not err in dismissing the . . . claim . . . .

*Larrabee*, 486 A.2d at 100 (citations omitted, emphasis added).

According to Plaintiff, a termination that lacks good cause, is based on improper motivation and false accusations, and is followed by the employer's failure to produce the employee's personnel file, contravenes a strong public policy as contemplated by the Law Court in *Larrabee*. (Plaintiff's Opposition at 3.) The facts of *Larrabee* suggest otherwise. In *Larrabee*, the Law Court refused to recognize a wrongful discharge claim where the plaintiffs alleged a wrongful discharge that involved defamation and a violation of Maine's Employment Practices Act, 26 M.R.S. §§ 621-A – 636.[4] *Larrabee*, 486 A.2d at 99 (identifying claims of libel and slander, unemployment fraud, and violation of 26 M.R.S. § 630 (Supp. 1984-1985)). Because Plaintiff's claim does not differ in a significant way from the facts of *Larrabee*, Plaintiff's argument that the Law Court would recognize a wrongful discharge claim under the circumstances of this case is unpersuasive.

### 3. *Defamation*

Defendant argues that the alleged defamatory statements (i.e., that Defendant stated that Plaintiff had stolen from Defendant) represent privileged communications, and that the defamation claim is barred by the exclusivity provision of Maine's Workers' Compensation Act. (Motion to Dismiss at 9-10.)

---

[4] In Count IV of the Amended Complaint, Plaintiff asserts a claim under 26 M.R.S. § 631, which Defendant does not challenge in the pending motion. In section 631, the Legislature has specified the appropriate remedy for violation of an employee's right to review his personnel file. The fact that the Legislature has provided a remedy for a violation of Plaintiff's right to review his personnel file arguably reduces the need to consider the personnel file issue as a part of the "public policy" analysis. That is, a wrongful discharge claim is not necessary to provide employers with incentive to provide employees access to their personnel files as required by law.

5

The Workers' Compensation Act "exempts" employers from civil actions involving "personal injuries sustained by an employee arising out of and in the course of employment." 39-A M.R.S. § 104. Economic and reputational injuries that result from defamatory statements are not considered personal injuries and thus are not subject to the exclusivity provision of the Workers' Compensation Act. *Cole v. Chandler*, 2000 ME 104, ¶ 13, 752 A.2d 1189, 1196. Plaintiff's defamation claim, therefore, is not entirely precluded by the exclusivity provision.[5]

A statement that might otherwise be defamatory could be privileged, provided that the communication promotes an important interest in frank speech and is not abused. *Rice v. Alley*, 2002 ME 43, ¶¶ 21-23, 791 A.2d 932, 936-37. A plaintiff can demonstrate abuse by proving that the defendant made the communication outside the normal channels or with malicious intent. *Id.* ¶ 23. If a plaintiff establishes that the defendant *knowingly* made a false statement, the plaintiff will have satisfied the malice requirement. *Id.*

Assuming, *arguendo*, that Defendant's statements that Plaintiff committed "theft" or stole from Defendant by providing free delivery services are conditionally privileged, Plaintiff's allegations, which describe circumstances from which one could infer that Defendant had knowledge of the falsity of the statements (e.g., Plaintiff obtained manager approval before authorizing the free delivery), and which allegations also include a specific assertion that Defendant's actions were "malicious" (Amended Complaint ¶ 32), are sufficient, at this stage of the proceedings, to overcome the possible privilege.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court (a) deny Defendant's Motion to Dismiss as to Count I, (b) grant Defendant's Motion to Dismiss as to Count

---

[5] In the event Plaintiff prevails on his defamation claim, his recovery would be limited to damages for economic or reputational harm. Plaintiff could not recover for mental or emotional injuries.

II, and dismiss the wrongful discharge claim set forth in Count II, and (c) grant Defendant's Motion to Dismiss as to Count III to the extent that Plaintiff seeks damages for injuries other than economic or reputational injuries resulting from alleged defamatory statements, but otherwise deny Defendant's Motion to Dismiss as to Count III.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

June 11, 2014